# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **THE UNIVERSITY OF UTAH,**<br><br>         Plaintiff,<br><br>vs.<br><br>**UNITED STATES OF AMERICA,**<br><br>         Defendant.<br><br>―――――――――――――――――<br><br>**JOHN E. BUTLER, et al.,**<br><br>         Plaintiffs,<br><br>**v.**<br><br>**UNITED STATES OF AMERICA,**<br><br>         Defendant. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No.  2:06CV595DAK |

   This matter is before the court on Plaintiffs John E. Butler, Courtney Crombie, Christopher M. Hull, John Unanue Lawrence, Andrew L. Thompson, and Mari S. Thompson's ("Medical Resident Plaintiffs") Motion for Order Certifying Class Action pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The court held a hearing on the motion on October 1, 2008.  At the hearing, the Medical Resident Plaintiffs were represented by Karen Bullock Kreek, and Defendants were represented by Justin S. Kim.  Counsel for the University of Utah did not attend the hearing.  The court has carefully considered the memoranda, exhibits, affidavits, and

other materials submitted by the parties, as well as the facts and law relevant to the motion. Now being fully advised, the court renders the following Memorandum Decision and Order.

## BACKGROUND

This is a consolidated case. This action was originally brought by the University of Utah against the United States. The University seeks a refund of the employer's portion of the FICA taxes paid in connection with stipends paid to medical residents between 1995 and 2005. The second action, *Butler, et al. v. United States,* which was consolidated into this case, was brought by a group of six medical residents against the United States and also seeks refunds of their portion of the FICA taxes that were withheld.

At various times during and after the period of time at issue, the University contacted all medical residents who had been affected to get their consent to the filing of IRS Forms 843 Claim for Refund and Request for Abatement. The University filed these forms on behalf of itself and the consenting residents. More than 1720 residents consented to the University filing the Claims for Refunds on their behalf. The University timely filed these forms over the course of several years.

When the University of Utah filed its action against the United States, it sent a letter to all of the affected medical residents. The letter informed the residents that the University was only seeking the employer portion of the FICA taxes that had been withheld. The letter further informed the residents that if they were interested in filing an action for their portion of the FICA taxes they should contact an attorney.

Plaintiff Butler was a medical resident from 1995 to 2001, but he did not consent to have the University file a Claim for Refund on his behalf for the years 1998 to 2000. Many other residents also did not return consent forms for one or more years that they were affected.

In 2002, Plaintiff Butler filed an individual claim for refund for 1998 to 2000 with the IRS. The IRS has not processed the claims for 1999 and 2000 because it stated that the claims were incomplete. The IRS has issued a notice of disallowance for Butler's claim for 1998. The notice of disallowance states that "[i]f you are in fact entitled to a refund of your FICA taxes, you should be in contact with your employer. Your employer should make the refund. FICA withholding cannot be refunded from the Federal Government."

Plaintiffs seek to certify the following class: "All persons who were medical residents at the University and from whose stipends FICA tax was withheld during the years 1995 to 2005," with two sub-classes: (1) the Consenting Medical Residents Class comprised of medical residents who consented to have the University file claims of refund on their behalf, and (2) the Protective Medical Resident Class comprised of residents who did not or cannot verify that they consented to the University filing claims on their behalf or who filed individual claims for refund that were not processed.

## DISCUSSION

### Plaintiffs' Motion for Class Certification

Plaintiffs ask this court to certify the above-described class, certify the six named medical residents as Class Representatives, and certify their counsel as Class Counsel. Class certification is governed by Rule 23 of the Federal Rules of Civil Procedure. Rule 23(a) provides four prerequisites that must be met for a representative party to bring an action on behalf of all members of a class: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a); *see*

*also Reed v. Bowen*, 849 F.2d 1307, 1309 (10th Cir. 1988). If the prerequisites of Rule 23(a) are met, then one of the requirements of Rule 23(b) must also be satisfied in order to maintain a class action. *Id.* 23(b). The three requirements in Rule 23(b) include whether the prosecution of separate actions by members of the class would produce inconsistent or dispositive results, whether the defendant has acted or refused to act on grounds that apply generally to the class, and whether the court finds questions of law or fact common to class members predominates over questions affecting only individual members and that a class action is superior to other methods of adjudicating the controversy.

The party seeking certification bears the burden of establishing that certification is proper. *Ditty v. Check Rite Ltd.*, 182 F.R.D. 639, 641 (D. Utah 1998). For purposes of class certification, the well-pleaded facts of the Complaint are taken as true. *In re Playmobil Antitrust Litigation*, 35 F. Supp. 2d 231, 236 (E.D.N.Y. 1998). Furthermore, "[w]hen there is a question as to whether certification is appropriate, the Court should give the benefit of the doubt to approving the class." *In re Workers' Compensation*, 130 F.R.D. 99, 103 (D. Minn. 1990).

### 1. Rule 23(a) Requirements

Plaintiffs' motion addresses each of the elements required for class certification. Defendant, however, challenges only the element under Rule 23(b)(3) regarding whether a class action is superior to other methods for adjudicating the claims. Therefore, the court can assume that the Rule 23(a) prerequisites are met.

### 2. Rule 23(b) Requirements

In this case, Plaintiffs seek certification of the class under the third requirement of Rule 23(b). Rule 23(b)(3) requires a showing that (1) issues common to the class predominate over those affecting individual class members; and (2) prosecuting the litigation as a class action is

superior to other available methods of adjudicating the controversy.

Again, the government does not challenge whether common questions predominate in this action. Therefore, the only issue for the court to analyze is whether a class action is superior to other available methods of adjudicating the controversy.

### 2. Superior Means of Adjudication

The superior means of adjudication requirement "directs the court's attention to 'the relative advantages of a class action suit over whatever other forms of litigation might be realistically available to plaintiffs." *Hillis v. Equifax Consumer Servs. Inc.*, 237 F.R.D. 491, 504 (N.D. Ga. 2006). "The superiority requirement is grounded in the idea that the litigation is to be carried out as efficiently and as fairly as possible for all parties." *Id.*

"The matters pertinent to the findings [of predominance and superiority] include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against the members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action." *Amchem*, 521 U.S. at 615.

The United States opposes class certification on two grounds. First, the court lacks subject matter jurisdiction over the subclass of medical residents who failed to file consents. Second, the Treasury regulations and IRS procedures set up an administrative process for employers to obtain refunds on behalf of their employees that is superior to a class action by the employees.

### 1. Subject Matter Jurisdiction

The United States argues that the court lacks subject matter jurisdiction over the proposed

subclass of medical residents who did not file written consent for the University to file a claim on their behalf, the "Protective Medical Residents Class." The United States can only be sued with its consent, and the terms of its consent define the court's jurisdiction to hear the suit. *United States v. Testan*, 424 U.S. 392, 399 (1976). Under 26 U.S.C. § 7422, "[n]o suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof."

Plaintiffs argue that the court should certify the subclass and deal with the merits of whether this subclass can be included in any recovery after certification. But before a class can be certified, the court must determine whether it has subject matter jurisdiction over the refund claims for the potential class members. In a refund case, "[t]wo prerequisites must be met before a district court has jurisdiction under § 1346(a)(1). First, a plaintiff must have fully paid the challenged tax assessment. Second, a plaintiff must have filed a valid refund claim with the IRS, and the IRS must have denied the claim or six months must have passed since the claim was filed with no IRS response." *Mires v. United States*, 466 F.3d 1208, 1211 (10th Cir. 2006).

By definition, the "Protective Medical Residents Class" members have not filed an administrative claim or consented to the University's filing of a claim on their behalf. Accordingly, they have not satisfied the jurisdictional prerequisites to filing a refund suit under 26 U.S.C. §§ 6532 and 7422. *See Mires*, 466 F.3d at 1211.

Plaintiffs, however, argue that under case law and IRS administrative policies, the filing of the claims for refund by the University were sufficient to satisfy the procedural requirements and sustain subject matter jurisdiction in this court for those who, prior to the final determination

on the claims of the University, execute consents to be joined in the administrative claim.

In *United States v. Kaels*, the Supreme Court articulated the informal claim doctrine: "a notice fairly advising the Commissioner of the nature of the taxpayer's claim, which the Commissioner could reject because too general or because it does not comply with formal regulations, nevertheless will be treated as a claim where formal defects and lack of specificity have been remedied by amendment filed after the lapse of the statutory period." 314 U.S. 186, 194 (1941). Whether a taxpayer has filed an adequate informal claim is by its nature an extremely contextual question. *Estate of Hale v. United States*, 876 F.2d 1258, 1262 (6th Cir. 1989).

In *Mills v. United States*, the Eleventh Circuit held that an employer's claim for refund Form 941-C "met the requirements of a written refund notice which [apprised] the IRS that a FICA refund was sought for particular years" sufficient to support an examination into the employee's claim for refund and thereby provide the district court jurisdiction. 890 F.2d 1133, 1136 (11th Cir. 1989).

The Supreme Court has allowed the satisfaction of jurisdictional deficiencies related to exhaustion of administrative remedies when a plaintiff completed the filing of an administrative claim regarding Medicare eligibility while the case was pending in the district court. *Matthews v. Diaz*, 426 67, 70 (1976). In following this approach in a federal tax case, the Tenth Circuit noted that an exception to the rule that federal jurisdiction ordinarily depends on the facts in existence when the complaint is filed can occur when a court allows an exhaustion problem to be cured. *Mires v. United States,* 466 F.3d 1208, 1212 (10th Cir. 2006).

The claims for refund filed by the University for the full amount of the employer's share of FICA taxes for all medical residents in training during the periods at issue and those residents

which had, at that point, consented to inclusion are claims to which other medical residents should be able to add their consent to prior to a final decision on the claim by this court. It is clear that the IRS has considered the merits of the particular claim for refunds of FICA amounts related to the stipends received by the medical residents while in training at the University. The IRS denied the University's initial administrative claim for refund in 1999 and another claim for refund in 2005. Therefore, prior to the filing of the medical residents' complaint, the United States had considered the subject matter of the residents' claims in the context of the University's claims. Accordingly, the court concludes that medical residents who have not filed consents with the University can continue to file consents prior to final adjudication of this action.

While the court concludes that the presently nonconsenting residents can cure their jurisdictional deficiencies during the pendency of this case, the court does not conclude that it would be appropriate to designate those residents as a subclass. The existence of a subclass of individuals with claims that this court does not have jurisdiction over presents several problems. Rather than create a subclass, the court concludes that the individuals who decide to opt-in during this litigation should be treated like all other consenting residents as soon as their consents are filed. Prior to their filing of consents, this court does not have jurisdiction over their claims.

### 2. *Superior Method of Adjudication*

Next, the United States contends that a class action is not superior to other available methods of adjudicating the claims presented in this case. For employment tax refunds, the Treasury Regulations expressly permit an employer to file one consolidated administrative claim on behalf of itself and all consenting employees. 26 C.F.R. § 31.6402(a)-2(a). This provision eliminates the administrative burden that would otherwise exist if each employee were required

to file a separate claim for refund.  The University of Utah and the consenting medical residents took advantage of this provision.  Thus, the refund claims in both the University's case and the Butler case arise from the same administrative claims filed by the University.

Although the University filed administrative claims for refund of FICA taxes on behalf of all consenting medical residents, its pleadings sought recovery of only the employer's portion of FICA taxes.  Nevertheless, as all of the refund claims arise from the University's administrative claims, the resolution of the merits of the University's and the consenting medical resident's claims will all depend on the resolution of this case.  In other words, given the common legal questions arising from the single administrative claims filed by the University for each applicable tax period, a final resolution of the merits of the refund claim brought by the University and the claims of the Butler Plaintiff's will yield a global resolution of the entire claim, including any refunds due to the consenting medical residents who are not formally parties to this suit.

The Tenth Circuit has recognized that the trial court has discretion on the certification issue "as to what method of trial is most efficient primarily" because the trial court "is in the best position to determine the facts of the case, to appreciate the consequences of alternative methods of resolving the issues of the case and is in the best position to select the most efficient method for their resolution."  *Boughton v. Cotter Corp.*, 65 F.3d 823, 826 (10th Cir. 1995).

In this case, a superior alternative to a class action already exists.  The administrative claims filed by the University on behalf of the consenting medical residents were filed in accordance with 26 C.F.R. § 31.6402(a)-2(a).  These provisions allow a claim for refund of FICA overpayment.  "Every claim filed by an employer for refund or credit of employee tax under section 3101, or a corresponding provision of prior law, collected from an employee in a calendar year prior to the year in which the credit or refund is claimed, also shall include a statement that

9

the employer has obtained from the employee a written statement (a) that the employee has not claimed refund or credit of the amount of overcollection, or if so, such claim has been rejected, and (b) that the employee will not claim refund or credit of such amount. The employer shall retain the employee's written statement as part of the employer's records." *Id.* § 31.6402(a)-2(a)(2)(ii).

This section allows an employer to file a single administrative claim for refund for the employer's portion of FICA taxes on behalf of itself and for the employees' portions of FICA taxes on behalf of all consenting employees. Employees are given the opportunity to "opt-in" in writing and join the employer's claim, which is effectively a procedural class. Since the same factual basis and legal arguments for refund apply to both the employer's portion and the employees' portions of FICA taxes, this streamlines the administrative procedures for seeking refunds.

Plaintiffs argue that here the individual class members have little incentive or ability to prosecute their claims against the Defendants individually because the amount of damages available to any one class member may be small in relation to the cost of suit. Plaintiff claims that in matters such as this, where individual claimants are unlikely to bring suit, while the number of possible claimants is large, class action is the proper method of adjudication.

However, both the employer's and employees' portions of FICA taxes for each tax period sought to be refunded have been brought under one administrative claim filed by the University. The IRS will apply any final judgment or settlement reached in this action regarding these common grounds to both the employer's and consenting employees' portions sought in the administrative claims. The United States has communicated this to the University and the Butler Plaintiffs. This procedure protects the nonparty consenting residents' claims and will yield a

fairer, more efficient resolution of the nonparty consenting medical residents' claims, without the burdens and complications of managing a class action.

Plaintiffs rely on cases that have certified classes in tax refund litigation, and in particular, FICA tax refund cases. "[M]ore recent jurisprudence reveals class certification is [not] necessarily precluded in tax refund actions." *Whittington v. United States*, civil action h-03-4507, slip. op. at 18 (S.D. Tex. Aug. 4, 2006). Plaintiffs contend that where, as here, the case deals with a singular common issue of liability, which does not result in many questions requiring individual scrutiny and a determination of damages would not destroy the efficiencies gained by class certification, class certification would be appropriate.

In *Appoloni v. United States*, 333 F. Supp. 2d 624 (W.D. Mich. 2003), and *Klender v. United States*, 218 F.R.D. 161 (E.D. Mich. 2003), both of which involved FICA tax withholding, the courts certified class actions. As in these cases, the only issue in this case is FICA taxes. The withholding of FICA taxes is based on a statutorily determined percentage, and that amount will not vary depending on the determination of the issues. These cases, however, are distinguishable. The cases involved a number of plaintiffs who had filed separate claims for relief. The plaintiff's in those cases were not joined together by a common employer's administrative claim and there was no pending refund being sought by the employer. Accordingly, those cases did not present a superior alternative to the resolution of the claims.

The essential difference between the existing de facto administrative arrangement outlined above and the proposed class action is whether the refund claims of the nonparty consenting medical residents will be tied by default to the resolution of the University's claims or the claims of the proposed class representatives. The nonparty consenting medical residents have already opted-in to be part of the University's administrative claim and explicitly represented that

11

they want their FICA tax refund claims to receive the same treatment as the University's claims. Another group of residents have the ability to opt-in prior to the final adjudication of the claims for refund by this court.

Other concerns presented by a class action are demonstrated by a conflict with Treasury regulations requiring that any judgment or settlement refund check must be made out to the individual taxpayer, unlike the typical class action where recoveries are pooled and distributed through class counsel. In addition, although taxpayers can assign future tax refunds to another person, such an assignment is null and void under the Anti-Assignment Act as to the United States. 31 U.S.C. § 3727.

Any claim for attorney's fees is further constrained by 26 U.S.C. § 7430. Rule 23(h) permits the court to award reasonable attorney's fees and costs in class actions. However, this provision does not act as a waiver of the United States' sovereign immunity from suit. Any claim for attorney's fees from the government must be brought under 26 U.S.C. §7430, which acts as the applicable waiver of sovereign immunity for a claim of attorney's fees under the Internal Revenue Code. Under § 7430, a "prevailing party" is entitled to attorney's fees only if that party (1) has substantially prevailed with respect to the amount in controversy or the most significant issue or set of issues presented, (2) does not have a net worth that exceeds limitations set under 28 U.S.C. § 2412(d)(2)(B), and (3) the United States fails to demonstrate that its position in the proceeding was substantially justified. Therefore, a judgment in favor of the Plaintiffs will not guarantee an award of attorney's fees or costs. The Medical Resident Plaintiffs argue that the class does not need to obtain an award of attorney's fees if each Plaintiff agrees to pay a portion of any refund obtained to class counsel. But that argument fails to recognize that the Plaintiffs would not be required to pay any attorney's fees out of their refund if the matter is

left as an opt-in administrative claim.

These statutory and regulatory restrictions demonstrate that an opt-out class under Rule 23(b)(3) is not superior to the established IRS practice for a fair and efficient resolution of the claims. Due to the unique rules and regulations governing tax refund jurisdiction, litigation, and payments, the court concludes that a class action is not the best method for a fair and efficient adjudication of the nonparty consenting residents' claims.

The court concludes that the Medical Resident Plaintiffs fail to demonstrate that a class action will better represent the interests of the nonparty residents. The court, therefore, concludes that the certification of an opt-out class is unjustified. The court determines that the most efficient means of adjudicating this case is for the administrative opt-in process to proceed. Much of the dispute on this motion is a result of the University choosing to proceed on its own behalf and not also on behalf of its medical residents. Both the Medical Resident Plaintiffs and the United States expressed frustration with the University's position in this respect. Nonetheless, the court believes that the University can undoubtedly represent the legal interests of the residents with respect to presenting the case for a refund.

With respect to the issue of notice, the court orders the University to notify all nonconsenting residents that they have the ability to opt-in to the present administrative claim. The University clearly has the necessary information to provide such notice because it is seeking the employer's portion of taxes for each of those individuals and it was able to send a letter to the residents stating that it was not bringing a claim on their behalf. The notice shall be sent within twenty days of the date of this Order and inform the currently nonconsenting residents that they must file a consent prior to adjudication of the matter by this court. The residents should be informed that the discovery deadline in the case is February 23, 2009. For practical reasons, the

court believes that the discovery deadline should be the deadline provided to the residents for providing their consents. In addition, if the University and the United States reach a settlement of the case prior to submitting the case to the court, the court orders the parties to inform the medical residents and allow the residents thirty days to comment on the proposed settlement.

## CONCLUSION

Based on the above reasoning, Plaintiffs' Motion for Class Certification is DENIED.

DATED this 6th day of October, 2008.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge